# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
EMPIRE STATE BUSINESS,     :    CIVIL ACTION
LLC and MICHAEL
FERNANDO,                  :

        Plaintiffs,        :

    v.                     :

FARMERS AND MERCHANT       :
BANK,
                           :
        Defendant.              NO. CV208-66
```

### ORDER

On this date, June 3, 2008, Plaintiffs, Empire State Business, LLC ("Empire State") and Michael Fernando, have filed this pro se action against Defendant, Farmers and Merchant Bank ("Farmers & Merchant"), seeking "to Stop/Void" the foreclosure sale of Plaintiffs' property which Plaintiffs indicate is scheduled for today, and/or compensatory and punitive damages.  Plaintiffs have contemporaneously filed a motion for a temporary restraining order seeking to enjoin Farmers & Merchants from the foreclosure sale of Plaintiffs' property which Plaintiffs indicate is scheduled for today.

The purpose of a temporary restraining order is to preserve the status quo until the district court renders a decision on the merits. <u>United States v. DBB, Inc.</u>, 180 F.3d 1277, 1282 (11th Cir. 1999). A plaintiff seeking a temporary restraining order must establish: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if relief is not granted; (3) that the threatened injury outweighs any harm relief would inflict on the non-movant; and (4) that entry of relief would serve the public interest. <u>Siebert v. Allen</u>, 506 F.3d 1047, 1049 (11th Cir. 2007) (citing <u>Schiavo ex rel. Schindler v. Schiavo</u>, 403 F.3d 1223, 1225-26 (11th Cir. 2005)). The decision to grant or deny a temporary restraining order "is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion." <u>Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.</u>, 303 F.3d 1242, 1246 (11th Cir. 2002) (quoting <u>Palmer v. Braun</u>, 287 F.3d 1325, 1329 (11th Cir. 2002)) (internal quotation marks omitted). The same factors are considered whether deciding a temporary restraining order or a preliminary injunction. <u>Schiavo</u>, 403 F.3d at 1225. It has been noted in this Circuit that "a preliminary injunction is an extraordinary and drastic remedy

2

that should not be granted unless the movant clearly carries its burden of persuasion on each of these prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001) (citing Canal Auth. v. Callaway, 489 F.2d 567, 573 (5th Cir. 1974)).

Plaintiffs have failed on the face of their motion and/or complaint to carry their burden of persuasion as to the prerequisites for the issuance of a temporary restraining order. As a matter of fact, Plaintiffs offer no arguments in support of any of the requisites for the issuance of a temporary restraining order. The Court finds particular significance in Plaintiffs' failure to demonstrate a likelihood of success on the merits. This factor is generally regarded as the most important factor because the granting of a temporary restraining order would be inequitable if the movant has little or no chance of success on the merits of the case. See Garcia-Mir v. Meese, 781 F.2d 1450, 1453 (11th Cir. 1986).

In their complaint, Plaintiffs argue that Farmers & Merchant have improperly scheduled the foreclosure sale of Plaintiffs' property without due process of Georgia's foreclosure law despite the fact that the property is included

in the underlying bankruptcy proceedings. Because this Court is without power to review the foreclosure order itself as the foreclosure order was entered by the state court, see In re Laurent, 208 Fed. Appx. 724, 724 n.1 (11th Cir. 2006), cert. denied, 128 S. Ct. 143, 169 L. Ed. 2d 20, 169 L. Ed. 2d 30 (2007), Plaintiffs appear to argue that the foreclosure was a violation of the automatic stay in the bankruptcy proceedings. Although the subject property was included in Empire State's bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of Georgia, the automatic stay terminated when the Bankruptcy Court dismissed Empire State's Chapter 11 petition by Order filed April 3, 2008, due to the lack of representation of the corporate debtor by an attorney. See In re Laurent, 193 Fed. Appx. at 832 ("Upon filing a petition for bankruptcy, an automatic stay is imposed and continues until the earliest of the following: the case is (1) closed; (2) dismissed; or (3) discharged."). Empire State could have sought a stay pending appeal from the Bankruptcy Court pursuant to Federal Rules of Civil Procedure 62(c) and (d). See Fed. Bankr. R. 7062. The record reflects that Empire State failed to obtain a stay pending appeal of the Bankruptcy Court's Order dismissing Empire State's Chapter 11

4

case from the Bankruptcy Court. See In re Empire State Business, LLC, Case No. 08- 20288 (Bankr. S.D. Ga. 2008). Therefore, the automatic stay expired on April 3, 2008. Accordingly, Plaintiffs' motion for a temporary restraining order (Doc. No. 2) is **DENIED**.

    **SO ORDERED**, this __3rd__ day of June, 2008.

                                                 _____
                                               **JUDGE, UNITED STATES DISTRICT COURT**
                                               SOUTHERN DISTRICT OF GEORGIA